UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:24-CV-337-FL

| CHLOE JONES, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) **ANSWER TO PLAINTIFF'S COMPLAINT** |
| CAMPBELL UNIVERSITY, INC., | ) |
| Defendant. | ) |

NOW COMES Defendant Campbell University[1] ("Campbell" or "Defendant") by and through the undersigned counsel, and responds to Plaintiff Chloe Jones' (Plaintiff") Complaint as follows:

### FIRST DEFENSE

In response to the numbered paragraphs of the Complaint, Campbell alleges and says:

### RESPONSE TO "PRELIMINARY STATEMENT"

1. Campbell admits that Plaintiff purports to bring claims under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Americans with Disabilities Act ("ADA"), that the referenced statutes speak for themselves, and that she has alleged that she is a Black, female, lesbian, and disabled citizen of Darlington County, South Carolina. Campbell denies that it has committed any act or omission with respect to Plaintiff in violation of any federal law, statute, or regulation. Except as specifically admitted, the allegations of Paragraph 1 are denied.

---

[1] The Complaint improperly names Campbell University, Inc. as Defendant.

## RESPONSE TO "JURISDICTION AND VENUE"

2. Campbell admits that jurisdiction is proper in the United States District Court for the Eastern District of North Carolina. Campbell denies that it committed any unlawful employment practices with respect to Plaintiff. Except as specifically admitted, the allegations of Paragraph 2 are denied.

3. Plaintiff omitted paragraph 3 in her Complaint, and no response is required.

4. Plaintiff omitted paragraph 4 in her Complaint, and no response is required.

5. Campbell admits that venue is proper in the United States District Court for the Eastern District of North Carolina. Campbell denies that it committed any unlawful employment practices with respect to Plaintiff. Except as specifically admitted, the allegations of Paragraph 5 are denied.

## RESPONSE TO "EXHAUSTION OF ADMINISTRATIVE REMEDIES"

6. Campbell admits: (1) Plaintiff filed a charge of discrimination ("Charge") dated January 26, 2024, with the U.S. Equal Employment Opportunity Commission ("EEOC"), Charge No. 433-2024-01266; (2) the EEOC closed its investigation after making a No Cause Finding on Plaintiff's Charge and issued a Notice of Right to Sue on March 25, 2024; and (3) Plaintiff filed the Complaint in the United States District Court for the Eastern District of North Carolina on June 18, 2024. Except as specifically admitted, the allegations of Paragraph 6 are denied.

## RESPONSE TO "PARTIES"

7. Plaintiff omitted paragraph 7 in her Complaint, and no response is required.

8. Campbell admits that Plaintiff is a Black, lesbian female and that she was 45 years old when Campbell hired her. Campbell is without sufficient information to form a belief as to the truth or falsity of Plaintiff's alleged weight and place of residence and, as a result, those allegations

are denied. Campbell denies that it committed any unlawful employment practices with respect to Plaintiff. Except as specifically admitted, the allegations of Paragraph 8 are denied.

9. The allegations of Paragraph 9 are legal conclusions to which no response is required. To the extent a response is deemed required, Campbell admits that Plaintiff was hired as Campbell's Director of Residence Life and Housing with a start date of October 4, 2021 and that Plaintiff worked in this position until her termination on July 31, 2023. Except as specifically admitted, the allegations of Paragraph 9 are denied.

10. Campbell admits the allegations of Paragraph 10.

11. Campbell admits the allegations of Paragraph 11.

12. Campbell admits the allegations of Paragraph 12.

13. The allegations of Paragraph 13 are legal conclusions to which no response is required. To the extent a response is deemed required, Campbell admits Plaintiff was hired as Campbell's Director of Residence Life and Housing with a start date of October 4, 2021 and that Plaintiff worked in this position until her termination on July 31, 2023. Except as specifically admitted, the allegations of Paragraph 13 are denied.

**RESPONSE TO "FACTUAL BACKGROUND: PLAINTIFF BEGINS EMPLOYMENT AT DEFENDANT PALZIV AND EXCELS IN HIS WORK" (SIC)**

14. Campbell admits the allegations of Paragraph 14.

15. Campbell admits the allegations of Paragraph 15.

**RESPONSE TO "FACTUAL BACKGROUND: PLAINTIFF PARTICIPATES IN EXTENSIVE HIRING PROCESS"**

16. Campbell admits that Plaintiff applied for the open position of Director of the Residence Life and Housing Department at Campbell in approximately August 2021 and that Associate Vice President for Campus Life and Title IX Coordinator Kellie Nothstine ("Nothstine")

3

spearheaded the search. Campbell admits that Nothstine brought Plaintiff to Campbell's Buies Creek Campus on August 26, 2021 for a full day of interviews with various campus partners the following day. Except as specifically admitted, the allegations of Paragraph 16 are denied.

17. Campbell admits Plaintiff represented to Campbell her prior educational and experience background in her submitted written resume which speaks for itself. Campbell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 and, as a result, those allegations are denied.

18. Campbell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 and, as a result, those allegations are denied.

19. Campbell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 and, as a result, those allegations are denied.

20. Campbell admits that it hired Plaintiff as its Director of Residence Life and Housing with a start date of October 4, 2021 and that her Offer of Employment letter included a monthly salary of $5,000.00 plus certain benefits, including free on-campus housing. Campbell admits that Plaintiff did possess decision-making authority – within set budget constraints – for programming and training. However, Plaintiff and all other employees were required to comply with the directives of Campbell's accounting office regarding budgetary spending. Except as specifically admitted, the allegations of Paragraph 20 are denied.

21. Campbell admits that Nothstine supervised Plaintiff's employment. Campbell admits that Nothstine is white. Except as specifically admitted, the allegations of Paragraph 21 are denied.

22. Campbell admits that Marqiece Cunningham ("Cunningham") was hired as the Assistant Director of Residence Life and that Cunningham was subordinate to Plaintiff but denies that Plaintiff hired him. Except as specifically admitted, the allegations of Paragraph 22 are denied.

**RESPONSE TO "FACTUAL BACKGROUND: AVP NOTHSTINE USES AFRICAN AMERICAN VERNACULAR ENGLISH WITH PLAINTIFF, SINGLING HER OUT BECAUSE OF HER RACE AND GENDER"**

23. Campbell admits that Nothstine considered Plaintiff a friend and that they regularly engaged in casual conversation with one another, and both used the term "girl" to address one another on occasion. Campbell denies that Nothstine used the term "thirsty" in communications with Plaintiff. Except as specifically admitted, the allegations of Paragraph 23 are denied.

24. Campbell denies the allegations of Paragraph 24.

25. Campbell denies the allegations of Paragraph 25.

26. Campbell denies the allegations of Paragraph 26.

27. Campbell admits that Plaintiff never complained to the Director of Human Resources or anyone in authority to investigate or take any action that she felt in any way that Nothstine was discriminating or retaliating against her. Campbell admits that Nothstine was Campbell's Title IX Coordinator and her duties included developing, implementing, and monitoring Title IX compliance efforts. Except as specifically admitted, the allegations of Paragraph 27 are denied.

28. Campbell denies the allegations of Paragraph 28.

29. Campbell denies the allegations of Paragraph 29.

## RESPONSE TO "FACTUAL BACKGROUND: PLAINTIFF IS UNDULY SURVEILLED AND TARGETED BECAUSE OF HER SEVERE OBESITY"

30. Campbell denies the allegations of Paragraph 30.

31. Campbell denies that Nothstine discriminated against Plaintiff due to an alleged disability. Campbell admits that for several years, Nothstine has invited all of her staff to walk with her in the summer for their weekly one-on-one meetings and that, in accordance with this practice, Nothstine invited Plaintiff to walk around Campbell's campus with her for their one-on-one meeting at the beginning of Plaintiff's first summer with Campbell. Plaintiff responded that that would be fine and thanked Nothstine for asking. Except as specifically admitted, the allegations in Paragraph 31 are denied.

32. Campbell lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegation regarding texts between Plaintiff and AVP Nothstine and, as a result, the allegations of Paragraph 32 are denied.

33. Campbell admits that in 2022 and 2023, the Residence Life staff retreat was held at Campbell's Raleigh location in downtown Raleigh. During the 2023 retreat, held June 15-16, 2023, a conversation occurred regarding lunch plans, and a participant at the retreat inquired if an Uber would be needed to travel to the restaurant for lunch. Nothstine responded as a matter of information that the restaurant was about two blocks away. Campbell denies that Nothstine "shamed" or judged Plaintiff or any other retreat participant for taking an Uber. Except as specifically admitted, the allegations of Paragraph 33 are denied.

34. Campbell denies the allegations of Paragraph 34.

35. Campbell denies the allegations of Paragraph 35.

## RESPONSE TO "FACTUAL BACKGROUND: DEFENDANT FAILS TO PROTECT PLAINTIFF FROM DISPARATE TREATMENT BASED ON HER RACE AND GENDER"

36. Campbell admits Plaintiff complained to Nothstine about Director of Facilities Andy Snead ("Snead"), but Campbell denies that Plaintiff complained to Nothstine of alleged discriminatory conduct by Snead. Except as specifically admitted, the allegations of Paragraph 36 are denied.

37. Campbell denies the allegations of Paragraph 37.

38. Campbell denies the allegations of Paragraph 38.

39. Campbell denies that Plaintiff complained to Nothstine regarding alleged discriminatory conduct by Snead and denies the remaining allegations of Paragraph 39.

**RESPONSE TO "FACTUAL BACKGROUND: PLAINTIFF IS STEREOTYPED AS AN 'ANGRY BLACK WOMAN' AND PUT ON A PERFORMANCE IMPROVEMENT PLAN"**

40. Campbell admits that on May 9, 2023, Nothstine and Vice President for Student Life and Christian Mission Dr. Faithe Beam ("Beam") met with Plaintiff, and Nothstine issued Plaintiff a Performance Improvement Plan ("PIP"). Except as specifically admitted, the allegations of Paragraph 40 are denied.

41. Campbell admits that the PIP counseled Plaintiff that the following behaviors would not be tolerated: (1) raising her voice, yelling at staff and students, and communicating with staff by shouting across the office; (2) retaliating against staff or campus partners for going to Nothstine or Beam; and (3) issuing write-ups to student staff members. Campbell admits that Nothstine explained that Plaintiff startled her staff members when she shouted at them. Campbell denies that the PIP "cast Plaintiff as the racial stereotype of the 'Angry Black Woman'" and that Nothstine's examples concerned actions taken by Cunningham. Except as specifically admitted, the allegations of Paragraph 41 are denied.

7

42. Campbell admits that a graduate student worker came forward to Nothstine to express her frustration with Plaintiff's management style and that as a result of Nothstine's conversation with the graduate student worker, Nothstine met with five other student workers to assess their experience in the Residence Life Department. Campbell denies that the disciplinary action was the "result of a complaint by a disgruntled resident assistant whom Plaintiff disciplined for falsifying her timesheet." Except as specifically admitted, the allegations of Paragraph 42 are denied.

43. Campbell denies the allegations of Paragraph 43.

44. Campbell admits that Plaintiff wrote a rebuttal to the PIP denying fault. Except as specifically admitted, the allegations of Paragraph 44 are denied.

45. Campbell denies the allegations of Paragraph 45.

46. Campbell denies the allegations of Paragraph 46.

**RESPONSE TO "FACTUAL BACKGROUND: AVP NOTHSTINE LAUNCHES RETALIATORY SURVEY TO HUMILIATE PLAINTIFF AND SUPPORT PRETEXT FOR TERMINATING HER EMPLOYMENT"**

47. Campbell admits that in May 2023, Nothstine and Plaintiff discussed completion of a SWOT survey to assist in completing a five-year review required for each university unit and formulating a five-year strategic plan for Residence Life. Campbell admits that Nothstine wrote the first draft of the survey and that Plaintiff provided input on Nothstine's draft, which was revised accordingly. Except as specifically admitted, the allegations of Paragraph 47 are denied.

48. Campbell admits that Plaintiff provided input on Nothstine's draft of the SWOT survey and that the SWOT survey was thereafter revised and distributed. Except as specifically admitted, the allegations of Paragraph 48 are denied.

49. Campbell denies the allegations of Paragraph 49.

## RESPONSE TO "FACTUAL BACKGROUND: AVP NOTHSTINE RETALIATES AGAINST PLAINTIFF BY MOVING HER OFFICES TO A LOCATION LESS ACCESSIBLE TO STUDENTS"

50. Campbell admits the offices of the Residence, Housing & Life Department were previously located on the first floor of the Sauls residence hall building on campus. Except as specifically admitted, the allegations of Paragraph 50 are denied.

51. Campbell admits that the Residence Life offices were moved to a building near the Student Life offices to allow the Residence Life staff to be closer to the other Student Life offices and provide the Residence Life staff with more spacious offices. Except as specifically admitted, the allegations of Paragraph 51 are denied.

52. Campbell denies the allegations of Paragraph 52.

53. Campbell admits the offices of Counseling services are now located in the Sauls residence hall building on campus. Except as specifically admitted, the allegations of Paragraph 53 are denied.

## RESPONSE TO "FACTUAL BACKGROUND: AVP NOTHSTINE OPPOSES PLAINTIFF'S HIRING OF DEI TRAINER TO SUPPORT PRETEXT FOR TERMINATING PLAINTIFF'S EMPLOYMENT"

54. Campbell admits the allegations of Paragraph 54.

55. Campbell admits that planning for the Diversity, Equity and Inclusion ("DEI") training for community assistants should begin several months before the scheduled DEI training date. Except as specifically admitted, Campbell denies the allegations of Paragraph 55.

56. Campbell admits that a Campbell faculty member had agreed to conduct the DEI training at no cost to Campbell; nonetheless, Plaintiff subsequently submitted a contract to engage an out-of-state consultant for several thousand dollars without seeking budget approval first, which

would have nearly exhausted the entire Residence Life training budget for the year. Except as specifically admitted, the allegations of Paragraph 56 are denied.

57. Campbell admits that Plaintiff had certain budgetary authority subject to certain limits and that Plaintiff was required to be a good steward of programming money. Campbell admits that Plaintiff engaged speakers for the Summer 2023 training without informing Nothstine beforehand. Campbell denies that Plaintiff hired DEI trainers in the past without Nothstine's input and denies that Plaintiff lodged any complaint alleging that Snead engaged in discriminatory conduct. Except as specifically admitted, the allegations of Paragraph 57 are denied.

58. Campbell denies the allegations of Paragraph 58.

**RESPONSE TO "FACTUAL BACKGROUND: AVP NOTHSTINE USES ATHLETE MOVE-IN WEEKEND AS A PRETEXT TO SUPPORT THE TERMINATION OF PLAINTIFF'S EMPLOYMENT"**

59. Campbell admits that it is a NCAA Division 1 School and that the Athletics Departments makes offers to prospective students during the months leading up to the Fall semester. Campbell admits that certain students, including students on athletic teams, were scheduled for early move-in dates ahead of the general student population. Except as specifically admitted, the allegations of Paragraph 59 are denied.

60. Campbell denies the allegations of Paragraph 60.

61. Campbell admits that it was Plaintiff's job, as the Director of Residence Life and Housing, to be sure that before students arrived on campus, room assignments were finalized, rooms were clean and in good repair, and students had access to keys based on room assignments, and that Plaintiff failed to perform all of these duties during early move-in. In fact, Plaintiff was nowhere to be found during early move-in, instead leaving the preparation for and administration of early move-in for 118 students to a single student worker. Campbell admits that due to Plaintiff's

10

Case 5:24-cv-00337-FL   Document 10   Filed 08/27/24   Page 10 of 17

failure to properly prepare for and oversee early move-in, the early move-in was hectic, chaotic, and disorganized, and Campbell received numerous complaints regarding the early move-in process. Campbell admits that it terminated Plaintiff's employment for failing to fulfill her job responsibilities. Except as specifically admitted, Campbell denies the allegations of Paragraph 61.

**RESPONSE TO "FACTUAL BACKGROUND: AVP NOTHSTINE TERMINATES PLAINTIFF'S EMPLOYMENT"**

62. Campbell admits that Plaintiff's employment was terminated effective July 31, 2023 for failing to fulfill her job responsibilities. Except as specifically admitted, the allegations of Paragraph 62 are denied.

63. Campbell denies the allegations of Paragraph 63.

**RESPONSE TO "COUNT I: DISCRIMINATION – TITLE VII OF THE CIVIL RIGHTS ACT"**

64. Campbell re-alleges and incorporates the responses to Paragraphs 1 through 63 of the Complaint by reference as if fully set forth herein.

65. Campbell denies the allegations of Paragraph 65.

66. Campbell denies the allegations of Paragraph 66.

67. Campbell denies the allegations of Paragraph 67.

68. Campbell denies the allegations of Paragraph 68.

69. Campbell denies the allegations of Paragraph 69.

70. Campbell denies the allegations of Paragraph 70.

71. Campbell denies the allegations of Paragraph 71.

**RESPONSE TO "COUNT II: RETALIATION – TITLE VII OF THE CIVIL RIGHTS ACT"**

72. Campbell re-alleges and incorporates the responses to Paragraphs 1 through 71 of the Complaint by reference as if fully set forth herein.

73. Campbell admits that Plaintiff was employed by Campbell but denies that Campbell violated Title VII with respect to Plaintiff. Except as specifically admitted, the allegations of Paragraph 70 are denied.

74. Campbell denies the allegations of Paragraph 74.

75. Campbell denies the allegations of Paragraph 75.

76. Campbell denies the allegations of Paragraph 76.

77. Campbell denies the allegations of Paragraph 77.

78. Campbell denies the allegations of Paragraph 78.

79. Campbell denies the allegations of Paragraph 79.

80. Campbell denies the allegations of Paragraph 80.

81. Campbell denies the allegations of Paragraph 81.

82. Campbell denies the allegations of Paragraph 82.

**RESPONSE TO "COUNT III: DISCRIMINATION – 42 U.S.C. § 1981"**

83. Campbell re-alleges and incorporates the responses to Paragraphs 1 through 82 of the Complaint by reference as if fully set forth herein.

84. Campbell denies the allegations of Paragraph 84.

85. Campbell denies the allegations of Paragraph 85.

86. Campbell denies the allegations of Paragraph 86.

87. Campbell denies the allegations of Paragraph 87.

88. Campbell denies the allegations of Paragraph 88.

**RESPONSE TO "COUNT IV: RETALIATION – 42 U.S.C. § 1981"**

89. Campbell re-alleges and incorporates the responses to Paragraphs 1 through 88 of the Complaint by reference as if fully set forth herein.

90. Campbell denies the allegations of Paragraph 90.

91. Campbell denies the allegations of Paragraph 91.

### RESPONSE TO "COUNT VI: DISCRIMINATION – AMERICANS WITH DISABILITIES ACT"

92. Campbell re-alleges and incorporates the responses to Paragraphs 1 through 91 of the Complaint by reference as if fully set forth herein.

93. Campbell denies the allegations of Paragraph 93.

94. Campbell denies the allegations of Paragraph 94.

95. Campbell denies the allegations of Paragraph 95.

96. Campbell denies the allegations of Paragraph 96.

### RESPONSE TO "JURY TRIAL REQUESTED"

97. Campbell admits that Plaintiff demands a trial by jury but denies that Plaintiff is entitled to a jury trial on the claims alleged in the Complaint.

### RESPONSE TO "PRAYER FOR RELIEF"

Campbell denies that Plaintiff is entitled to any of the remedies demanded in the prayer for relief.

### SECOND DEFENSE

Any allegations of Plaintiff's Complaint not expressly admitted are hereby denied.

### THIRD DEFENSE

To the extent any of the claims asserted in the Complaint fail to state a claim upon which relief can be granted, they should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### FOURTH DEFENSE

Campbell at all times acted reasonably and in good faith toward Plaintiff.

**FIFTH DEFENSE**

All actions taken by Campbell regarding Plaintiff's employment or affecting Plaintiff were based on legitimate, non-discriminatory, non-retaliatory reasons that were in no way related to Plaintiff's race, gender, alleged disability, any "perceived" disability or any other alleged protected activity or characteristic.

**SIXTH DEFENSE**

Plaintiff cannot establish alleged protected activity as a "but-for" cause of the challenged adverse employment action.

**SEVENTH DEFENSE**

If any improper, illegal, discriminatory, or retaliatory actions were taken by any of Campbell's employees against Plaintiff, they were outside the course and scope of that employee's employment, contrary to Campbell's policies and good faith efforts to comply with the law, and were not ratified, confirmed, or approved by Campbell. Thus, any such actions cannot be attributed or imputed to Campbell.

**EIGHTH DEFENSE**

Plaintiff is not entitled to punitive damages because Campbell did not act with malice or reckless indifference to Plaintiff's legally protected rights.

**NINTH DEFENSE**

Punitive damages, if granted by the Court, would deprive Campbell of its rights under the Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution and Article I, ¶¶ 19 and 27 of the North Carolina Constitution.

**TENTH DEFENSE**

To the extent it is determined that Plaintiff is entitled to recover in this action, which is specifically denied, Plaintiff may not recover damages for any period of time in which she did not make a reasonable effort to find comparable employment. Campbell pleads the Plaintiff's failure to mitigate damages as a bar to recovery.

## ELEVENTH DEFENSE

Upon discovery of sufficient facts, Campbell reserves the right to raise the defense of "after acquired evidence."

## TWELFTH DEFENSE

Plaintiff's claims are barred in whole or in part by the equitable doctrines of waiver or estoppel.

## THIRTEENTH DEFENSE

The damages claimed by Plaintiff are not the proximate result of any acts or omissions of Campbell.

## FOURTEENTH DEFENSE

All actions taken by Campbell were justified, legally and factually.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred because Campbell exercised reasonable care to prevent discrimination and harassment and had effective preventive and corrective complaint mechanisms in place, and Plaintiff failed to reasonably use the preventive and corrective opportunities, or otherwise failed to avoid harm.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies and/or comply with the statutory pre-requisites to bringing this action.

**SEVENTEENTH DEFENSE**

Plaintiff's claims under Title VII and the ADA are barred to the extent that Plaintiff seeks recovery for events or circumstances that were not the subject of a timely charge of discrimination filed with the EEOC and/or to the extent that they arose more than 180 days prior to the filing of Plaintiff's EEOC Charge.

**EIGHTEENTH DEFENSE**

At all times pertinent herein, Plaintiff was not a qualified individual with a disability within the meaning of 42 U.S.C. § 1211(8), and therefore has no standing to initiate this action and no right to any relief under the ADA.

**NINETEENTH DEFENSE**

Campbell did not discriminate against Plaintiff because of any purported disability within the meaning of 42 U.S.C. § 12112.

**TWENTIETH DEFENSE**

Plaintiff seeks recovery of multiple damages based upon the same alleged factual events. Recovery of damages as to one of these claims bars recovery of like damages for any other claims.

**TWENTY-FIRST DEFENSE**

Campbell hereby gives notice that it intends to rely on such other and further defenses as may become applicable during discovery in this action and reserves the right to amend its Answer to assert any such defense(s).

WHEREFORE, Campbell prays the Court as follows:

1. Plaintiff have and recover nothing by this action and that Plaintiff's claim be dismissed with prejudice;

2. Campbell be awarded costs and reasonable attorney's fees;

3. Campbell be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted this the 27th day of August, 2024.

OGLETREE, DEAKINS, NASH, SMOAK,
 & STEWART, P.C.

/s/ Kevin S. Joyner
Kevin S. Joyner (N.C. Bar No. 25605)
Savannah S. Trimmer (N.C. Bar No. 58082)
8529 Six Forks Road
Forum IV, Suite 600
Raleigh, NC  27615
Telephone:  919.787.9700
Facsimile:  919.783.9412
Email: Kevin.Joyner@ogletreedeakins.com
Email: Savannah.Trimmer@ogletreedeakins.com
*Attorneys for Defendant*