UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:24-CV-337-FL

| CHLOE JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **JOINT RULE 26(F) REPORT AND** |
| | ) **PROPOSED DISCOVERY PLAN** |
| CAMPBELL UNIVERSITY, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**I. Rule 26(f) Conference.** In accordance with Federal Rule of Civil Procedure 26(f) and the Court's Initial Order Regarding Planning and Scheduling (D.E. 12) entered on November 4, 2024, a telephone conference was held on November 18, 2024, attended by Clela Alice Errington for Plaintiff and Kevin S. Joyner and Savannah S. Trimmer for Defendant. The parties hereby submit their Joint Rule 26(f) Report and Proposed Discovery Plan.

**II. Initial Disclosures.** The parties will exchange mandatory initial disclosures within thirty (30) days after the Rule 26(f) conference.

**III. Joint Report and Plan.**

    **A. Discussion of the Nature and Complexity of the Case:**

The parties agree that this is a routine case as described in Footnote 2 of the Initial Order Regarding Planning and Scheduling.

    1. This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331.

    2. The Complaint alleges the following claims: (1) Discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) Retaliation in violation of Title VII; (3)

Discrimination in violation of 42 U.S.C. § 1981; (4) Retaliation in violation of 42 U.S.C. § 1981; and (5) Discrimination in violation of the Americans with Disabilities Act ("ADA").

    3.    Plaintiff is seeking a declaratory judgment, a permanent injunction enjoining Defendant from alleged unlawful practices, reinstatement, compensatory damages for pecuniary losses, emotional pain, and mental anguish, attorneys' fees and the costs and disbursements of the matter, punitive damages, back pay with prejudgment interest, and affirmative relief.

    **B.**    **Specific Information Concerning the Parties' Plan for Proposed Discovery:**

    1.    Discovery will be needed on these subjects:

        (i)    The claims raised in Plaintiff's Complaint;

        (ii)    The alleged damages sought by Plaintiff and any efforts to mitigate those damages;

        (iii)    Defendant's defenses as set forth in the Answer and any other defenses that may become applicable during discovery;

        (iv)    All other issues raised by the pleadings; and

        (v)    Any expert disclosures.

    2.    There is no need for discovery to be conducted in phases or limited to particular issues.

    3.    The maximum number of interrogatories by each party to the other party will be twenty-five (25). The maximum requests for admission by each party to the other party will be thirty-five (35). The maximum number of depositions (expert and general) will be eight (8) depositions by Plaintiff and eight (8) depositions by Defendant.

    4.    **Electronically Stored Information:** Electronically stored information ("ESI") sought in discovery shall be produced in reasonably usable electronic form such as Word, Excel,

.pdf, or .tiff images, at the option of the producing party. The parties agree to produce discoverable electronically stored information in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business or, if not reasonably usable in that form, in such other form as is reasonably usable and electronically searchable, and that includes all metadata. The parties shall confer and attempt in good faith to agree upon search terms, which databases are to be searched, and custodians whose files are to be searched, prior to the searching of any hard drives, e-mail, or other electronic databases by electronic means. Nothing in this paragraph shall preclude the producing party from seeking a protective order.

5. **Stipulation Concerning Claw-Back Agreement:** In furtherance of the discovery process in this case, the parties hereby stipulate that the production (inadvertent or otherwise) in the course of discovery in this action of any document shall not be deemed to waive whatever attorney-client privilege, work product protection, or other privilege or immunity that would otherwise attach to the document produced or to other documents in this case or in any other federal or state proceeding, as long as the producing party or person, promptly after discovery, notifies the other party or parties of the claim or privilege or other protection or immunity. Upon such notice, if the claim of privilege is not contested, the other party or parties shall destroy promptly all copies of the documents or information referred to and notify the producing party or person that it has done so. If the claim of privilege is contested, the receiving party shall so advise the producing party (i.e. the party claiming privilege) and segregate the documents at issue, and no further use of the documents shall be made until the claim of privilege is resolved. The privilege dispute shall be presented promptly and cooperatively to the Court for consideration. The parties intend for this to be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). If the parties

deem it necessary, they will submit a joint proposed order to the Court regarding inadvertent disclosures or privilege log protocols.

6. Plaintiff anticipates taking one 30(b)(6) deposition.

7. The date on which discovery shall be concluded is **June 30, 2025.**

8. The parties do not anticipate any particular discovery problems.

**C.     Proposed Additional Deadlines:**

1. Reports from experts retained under Rule 26(a)(2) are due **March 3, 2025**; reports from rebuttal experts are due forty-five (45) days thereafter.

2. All motions to join additional parties shall be filed by **January 9, 2025**.

3. All motions to amend the pleadings shall be filed by **January 24, 2025**. After these dates, the Court will consider, *inter alia*, whether the granting of leave would delay trial.

4. All dispositive motions seeking summary judgment shall be filed within thirty (30) days after the close of discovery.

**D.     Mediation:**

Mediation should be conducted late in the discovery period, the exact date to be set by the mediator after consultation with the parties. The parties agree the mediator shall be Asa Bell.

**E.     Referral to U.S. Magistrate Judgment:** No.

**F.     Conference Prior to Entry of Case Management Order:**

The parties do not request a Rule 16(b) pretrial conference to be scheduled prior to the entry by the Court of its case management order.

**G.     Related Cases:**

The parties are not aware of another case relating to the instant matter.

**H.     Scheduling Issues:**

The parties have not identified any scheduling issues at the time of this Order.

Respectfully submitted this the 25th day of November, 2024.

/s/ Robert C. Ekstrand
Robert C. Ekstrand (N.C. Bar. No. 26673)
Ekstrand & Ekstrand, LLP
110 Swift Ave., Second Floor
Durham, NC 27705
Telephone: 919.416.4590
Facsimile: 919.416.4591
Email: rce@ninthstreetlaw.com
*Attorneys for Plaintiff*

Clela Alice Errington
Megan S. Goddard
Goddard Law PLLC
39 Broadway, Suite 1540
New York, NY 10006
Telephone: 646.504.8363
Telephone: 646.964.1178
Email: clela@goddardlawnyc.com
Email: megan@goddardlawnyc.com
*Attorneys for Plaintiff*

/s/ Kevin S. Joyner
Kevin S. Joyner (N.C. Bar No. 25605)
Savannah S. Trimmer (N.C. Bar No. 58082)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
8529 Six Forks Road
Forum IV, Suite 600
Raleigh, NC 27615
Telephone: 919.787.9700
Facsimile: 919.783.9412
Email: Kevin.Joyner@ogletreedeakins.com
Email: Savannah.Trimmer@ogletreedeakins.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:24-CV-337-FL

| | |
|---|---|
| CHLOE JONES, | ) |
| Plaintiff, | ) |
| v. | ) **CERTIFICATE OF SERVICE** |
| CAMPBELL UNIVERSITY, INC., | ) |
| Defendant. | ) |

    I hereby certify that on November 25th, 2024, I electronically filed the foregoing **JOINT RULE 26(F) REPORT AND PROPOSED DISCOVERY PLAN** with the Clerk of Court using the CM/ECF system, which will give electronic notice of the same to the following CM/ECF participants:

Robert Ekstrand
Ekstrand & Ekstrand LLP
110 Swift Avenue, Second Floor
Durham, North Carolina, 27705
Telephone: 919.416.4590
Facsimile: 919.214.3014
Email: rce@ninthstreetlaw.com
*Attorneys for Plaintiff*

Clela Alice Errington
Megan S. Goddard
Goddard Law PLLC
39 Broadway, Suite 1540
New York, New York 10006
Telephone: 646.504.8363
Telephone: 646.964.1178
Email: clela@goddardlawnyc.com
Email: megan@goddardlawnyc.com
*Attorneys for Plaintiff*

This the 25th day of November, 2024.

OGLETREE, DEAKINS, NASH, SMOAK,
  & STEWART, P.C.

/s/ Kevin S. Joyner
Kevin S. Joyner (N.C. Bar No. 25605)
Savannah S. Trimmer (N.C. Bar No. 58082)
8529 Six Forks Road
Forum IV, Suite 600
Raleigh, NC  27615
Telephone:  919.787.9700
Facsimile:  919.783.9412
Email: Kevin.Joyner@ogletreedeakins.com
Email: Savannah.Trimmer@ogletreedeakins.com
*Attorneys for Defendant*

7